IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terron Gerhard Dizzley, | Case No.: 8:25-cv-01093-JD-WSB |
| Petitioner, | |
| vs. | **ORDER AND OPINION** |
| Tonya James, and Bryan Stirling, | |
| Respondents. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown (DE 11) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses the Magistrate Judge's pre-screening of Petitioner Terron Gerhard Dizzley's ("Petitioner") writ of habeas corpus (DE 1) under 28 U.S.C. § 2254.[1]

**A. Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Petitioner is a state prisoner currently incarcerated at Kershaw Correctional Institution within the South Carolina Department of Corrections. Proceeding *pro se*, Petitioner initiated this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from his 2014 state court conviction and sentence for murder and possession of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

a deadly weapon during the commission of a violent crime. Petitioner was convicted and sentenced on April 3, 2014, in the Georgetown County Court of General Sessions at case number 2009-GS-22-0778. He received a term of thirty-five years' imprisonment. (DE 1 at 1; DE 11 at 3.)

Although Petitioner alleges he did not pursue a direct appeal (DE 1 at 2), public records establish that he did, in fact, appeal his conviction to the South Carolina Court of Appeals, which dismissed the appeal on July 16, 2015, pursuant to Petitioner's voluntary request to withdraw. Remittitur issued on August 4, 2015. (DE 11 at 3–4.)

On September 9, 2015, Petitioner filed a post-conviction relief ("PCR") application in the Georgetown County Court of Common Pleas, docketed at case number 2015-CP-22-00845. (DE 1 at 3; DE 11 at 4–5.) The PCR court dismissed the application by order entered December 2, 2019. Petitioner appealed the denial, but the South Carolina Supreme Court denied his petition for a writ of certiorari on April 27, 2021, and remittitur was entered on May 19, 2021. (DE 11 at 5.)

Petitioner filed the present federal habeas petition on or about January 28, 2025. Although it was initially submitted in the United States District Court for the Central District of California, that court transferred the matter to the District of South Carolina by order dated February 24, 2025, concluding that venue was improper in California and jurisdiction was proper only in South Carolina. (DE 11 at 1–2.)

In this Petition, Petitioner asserts two primary grounds for relief. First, he claims that his 2014 prosecution violated the Double Jeopardy Clause because he was allegedly "acquitted" during a 2012 trial when the presiding judge discharged the jury after the prosecution failed to meet its burden of proof. Second, Petitioner contends that the trial court's *sua sponte* declaration of a mistrial in the earlier proceeding was not justified by "manifest necessity," thereby rendering the second trial constitutionally defective. (DE 1 at 5, 7.) Petitioner seeks immediate release from custody. (DE 1 at 15.)

### B. Report and Recommendation

On February 26, 2025, the Magistrate Judge issued the Report (DE 11), recommending that the Petition be denied and this action be dismissed without requiring a response from Respondents. The Report concludes that the Petition is subject to dismissal on two independent grounds.

First, the Magistrate Judge determined that the Petition constitutes a successive application under 28 U.S.C. § 2254. (DE 11 at 6.) Because Petitioner previously filed a habeas petition in this Court challenging the same conviction, which was dismissed with prejudice as time-barred, the present Petition is considered successive. Petitioner has not obtained the requisite authorization from the United States Court of Appeals for the Fourth Circuit to file a successive petition. Accordingly, the Court lacks jurisdiction to consider it. (*Id.* at 8.)

Second, the Magistrate Judge found that the Petition is time-barred under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). (DE 11 at 8–11.)

Petitioner's conviction became final in November 2015, and although statutory tolling applied during the pendency of his state PCR proceedings, the Petition—filed no earlier than January 28, 2025—was submitted more than two years and eight months after the limitations period expired. No grounds for equitable tolling were asserted or appear from the record. (DE 11.) Petitioner objected to the Report on March 13, 2025. (DE 13.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Petitioner's Objections

Petitioner filed timely objections to the Magistrate Judge's Report and Recommendation. (DE 13.) The objections numbered 1 through 7 are based on three

4

categories of error: jurisdiction, equity, and the merits of his claim. Upon *de novo* review of the record, the Court finds that Petitioner's objections do not establish any basis for departing from the Magistrate Judge's well-reasoned conclusions.

### 1. Jurisdictional Objections (Objections 1, 2, 5 and 6)

Petitioner first contends that the Court erred in treating the instant petition as "successive" under 28 U.S.C. § 2244(b), arguing that his claims were not previously adjudicated and arise from distinct constitutional grounds. (DE 13 at 1–3, 6–10.) He asserts that his prior habeas petition was dismissed solely on timeliness grounds and, therefore, does not bar this action. (*Id.* at 2–3.) However, as the Magistrate Judge correctly explained, dismissal of a § 2254 petition as untimely constitutes an adjudication on the merits for purposes of determining whether a subsequent petition is successive. *See Griffin v. Padula*, 518 F. Supp. 2d 680, 687 (D.S.C. 2007); (*see also* DE 11 at 6–7.) Because Petitioner previously filed a § 2254 petition attacking the same conviction and sentence—dismissed as time-barred in Case No. 8:23-cv-4221—he was required to obtain authorization from the Fourth Circuit before filing another petition. Petitioner concedes he has not sought or received such authorization. (DE 13 at 1, 8.) Accordingly, this Court lacks jurisdiction to consider the Petition.

Petitioner next challenges the Magistrate Judge's determination that the Petition is time-barred under 28 U.S.C. § 2244(d)(1), arguing that equitable tolling should apply due to newly discovered evidence, an alleged "miscarriage of justice," and his *pro se* status. (DE 13 at 4–5, 10–11, 14–16.) However, Petitioner fails to allege facts demonstrating that he pursued his claims with reasonable diligence or that

extraordinary circumstances prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("We have previously made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (Internal quotation omitted). The Petition was filed on January 28, 2025—more than two years and eight months after the PCR judgment became final on May 19, 2021 (DE 11 at 11)—without justification for the delay. Moreover, Petitioner's assertion of actual innocence is unsupported by new, reliable evidence and thus fails to invoke the miscarriage-of-justice exception. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."); (DE 13 at 7–8.) The Court agrees with the Magistrate Judge that the Petition is untimely and does not warrant equitable tolling.

**2. Merits-Based Objections and Hearing Request (Objections 7)**

Petitioner also renews his underlying constitutional arguments, claiming his 2014 prosecution violated the Double Jeopardy Clause following an alleged 2012 "acquittal" and mistrial without manifest necessity. (DE 13 at 21–30.) He argues that these issues justify an evidentiary hearing. (*Id.*) However, the Court may not reach the merits of these claims where, as here, the Petition is both successive and untimely. (*See* DE 11 at 6–10.) No evidentiary hearing is required where the Petition is procedurally barred. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider

whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.") Petitioner's objections based on the merits and evidentiary issues do not cure the fundamental jurisdictional and timeliness defects.[2] For these reasons, Petitioner's objections (DE 13) are overruled in full.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 11) in its entirety and incorporates it herein by reference.

It is, therefore, **ORDERED** that Petitioner Terron Gerhard Dizzley's Petition (DE 1) is **DENIED**, and this action is **DISMISSED**.

Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2] Objection 3 contends that the public interest is best served when courts fully consider all claims of unlawful detention. (DE 13 at 5.) While the Court acknowledges the importance of safeguarding individual liberty, such equitable concerns cannot override the jurisdictional limitations imposed by 28 U.S.C. § 2244(b). The requirement that a petitioner obtain authorization from the court of appeals before filing a successive habeas petition is a statutory mandate, not subject to equitable exception. Likewise, Petitioner's objection to the Report's reliance on the procedural history of his state court cases (DE 13 at 6–7, Objection 4) does not remedy the threshold jurisdictional defect. The state court record is relevant to the procedural posture of this case, and the Report properly considered it for that purpose. Accordingly, these objections are without merit and are overruled.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 23, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

8