IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terron Gerhard Dizzley, ) | Case No.: 8:25-cv-01093-JD-WSB |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Tonya James, and Bryan Stirling, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Before the Court is Petitioner Terron Gerhard Dizzley's ("Petitioner") Motion to Alter, Amend, and Motion for Relief from Judgment (DE 26) of this Court's June 23, 2025, Order (DE 23) dismissing the Petition as successive and untimely. Petitioner contends the Court committed multiple errors of law, including misapplication of procedural bars, mischaracterization of the record, violation of the Suspension Clause, and failure to address his double jeopardy arguments on the merits. For the reasons set forth below, the Motion is denied.

I.     BACKGROUND

Petitioner filed a § 2254 petition on January 28, 2025, alleging that his 2014 state convictions violated the Double Jeopardy Clause and that his continued incarceration is unlawful. (DE 1.) The Magistrate Judge issued a Report and Recommendation on February 26, 2025, recommending dismissal without requiring an answer or return because the Petition is both successive and untimely under 28 U.S.C. § 2244. (DE 11.) Petitioner filed objections, which the Court considered de

1

novo. (DE 13.) On June 23, 2025, the Court adopted the R&R and dismissed the Petition as successive and time-barred. (DE 23.)

Petitioner now moves pursuant to Rules 59(e) and 60(b) to alter or amend the judgment, asserting the Court committed errors of law and procedure and failed to address his constitutional arguments. (DE 26.) The Motion is ripe for review.

## II.    LEGAL STANDARD

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chm. Workers Union,* 34 F.3d 233, 236 (4th Cir. 1994) (quoting another source).

"Clear error occurs when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336–37 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010). Manifest injustice occurs when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ...." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

### III.   DISCUSSION

Plaintiff's motion does not satisfy any of the limited grounds warranting relief under Rule 59(e), nor does it justify relief under Rule 60(b).

### A.   No Intervening Change in Controlling Law

Petitioner does not point to any intervening change in controlling law since the Court entered judgment on June 23, 2025. This basis, therefore, provides no avenue for relief.

### B.   No New Evidence

Petitioner next asserts that the Court failed to consider various procedural and constitutional arguments related to his double jeopardy claim, the Suspension Clause, equitable tolling, and the voluntariness of his state appellate withdrawal. But none of these contentions constitutes new evidence within the meaning of Rule 59(e). The record reflects that Petitioner raised these arguments in his Petition and in his objections to the Report and Recommendation, and the Court considered them in dismissing the case as both successive and untimely. Rule 59(e) does not permit a petitioner to repackage prior arguments in the hope of a different result. *See Hill v. Braxton*, 277 F.3d at 708.

### C.   No Clear Error of Law or Manifest Injustice

Petitioner principally argues the Court erred in declining to reach the merits of his double jeopardy claim because, in his view, neither the successive bar nor AEDPA's statute of limitations can apply to cases involving alleged "illegal incarceration" or "actual innocence." Petitioner disagrees with the Court's

characterization of AEDPA's procedural requirements and asserts that equitable tolling, actual innocence, and the Suspension Clause require merits review. None of these arguments establishes a clear error or manifest injustice.

### 1. Successiveness and Timeliness Under AEDPA

As explained in the Court's prior Order, Petitioner's filing constitutes a successive § 2254 application and is, therefore, subject to the gatekeeping requirements of 28 U.S.C. § 2244(b). Petitioner has not obtained authorization from the Fourth Circuit to file a successive habeas petition, and this Court lacks jurisdiction to adjudicate the merits absent such authorization. Petitioner identifies no controlling authority holding that claims framed as "double jeopardy," "illegal incarceration," or "actual innocence" automatically circumvent § 2244(b)'s successive petition bar.

Similarly, Petitioner identifies no authority demonstrating that AEDPA's one-year statute of limitations does not apply to his claims. Although the Supreme Court has recognized that AEDPA's limitations period is non-jurisdictional and may be subject to equitable tolling, *see Holland v. Florida*, 560 U.S. 631, 645–49 (2010), nothing in *Holland* or related precedent suggests that time-barred habeas petitions must be adjudicated on the merits simply because they raise constitutional arguments. Petitioner's disagreement with the Court's application of AEDPA does not constitute clear error.

### 2. Equitable Tolling and Actual Innocence

Petitioner again asserts that he is entitled to equitable tolling because he has diligently pursued relief for many years. As the Court previously noted, equitable tolling requires a showing that the petitioner pursued his rights diligently and that an extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. at 649. Petitioner identifies no new facts or circumstances that the Court overlooked. The mere fact that Petitioner filed other legal actions does not establish extraordinary circumstances for purposes of AEDPA.

Petitioner likewise invokes "actual innocence," but offers no new, reliable evidence that was not presented in state court. The "actual innocence" gateway recognized in *Schlup v. Delo*, 513 U.S. 298 (1995), and *McQuiggin v. Perkins*, 569 U.S. 383 (2013), requires such evidence. Legal arguments concerning the effect of prior state proceedings on double jeopardy principles are not a substitute for new evidence. Petitioner, therefore, has not satisfied the miscarriage-of-justice standard.

### 3. Suspension Clause and Constitutional Arguments

Petitioner contends that application of AEDPA's procedural rules to his case violates the Suspension Clause because it prevents him from obtaining review of the legality of his custody. The Fourth Circuit and other courts have consistently rejected broad Suspension Clause challenges to AEDPA's limitations and successive-petition provisions, recognizing that federal habeas relief remains available in appropriate cases through initial petitions, equitable tolling, and gateway exceptions. Petitioner's

5

disagreement with the outcome of his filings does not transform AEDPA into an unconstitutional suspension of the writ.

### 4. Alleged Misstatements Regarding Withdrawal of Appeal

Petitioner also disputes the Court's characterizations of his state appellate proceedings. Even assuming arguendo that Petitioner did not knowingly withdraw his direct appeal, such a correction would not alter the analysis under § 2244(b) or § 2244(d). A dispute about background facts that does not affect the outcome does not constitute manifest injustice under Rule 59(e).

## D. Rule 60(b)

To the extent Petitioner invokes Rule 60(b) and alleges "fraud upon the court," his Motion must also be denied. Under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), a Rule 60(b) motion that attacks the substance of a federal court's prior habeas ruling—such as its determinations regarding timeliness or successiveness—must be treated as a successive habeas petition. Petitioner's allegations that the Court misapplied AEDPA, mischaracterized procedural history, or failed to reach the merits are directed at the underlying judgment, not the integrity of the habeas proceeding itself.

Accordingly, to the extent the Motion is construed under Rule 60(b), it is an unauthorized successive petition over which this Court lacks jurisdiction. Moreover, Petitioner's conclusory assertions of "fraud" do not satisfy the stringent standard applicable to fraud on the court, which requires conduct that "defiles the judicial process" and prevents the Court from performing its impartial task. Mere disagreement with factual or legal determinations does not meet that standard.

## IV. CONCLUSION

For these reasons, Plaintiff has failed to demonstrate any basis for relief under either Rule 59(e) or Rule 60(b). Accordingly, Plaintiff's Motion for Reconsideration (DE 26) is DENIED.

To the extent a certificate of appealability is required, it is denied.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 15, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.